UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MICHELLE CORRALES, et al., | ) | |
| Plaintiffs, | ) | 02:07-CV-00141-LRH-RAM |
| v. | ) | ORDER |
| JOSE LUIS CASTILLO, | ) | |
| Defendant. | ) | |

Before this court is the Report and Recommendation of U.S. Magistrate Judge Lawrence R. Leavitt (# 71[1]) entered on February 25, 2008, recommending granting Plaintiffs' Motion for Default Judgment (# 64). Nonparty Top Rank, Inc. ("Top Rank") has filed Objections to Report and Recommendation (# 73) on July 18, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2 of the Rules of Practice of the United States District Court for the District of Nevada.

The court has conducted its *de novo* review in this case, has fully considered the objections of Top Rank, the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2. As a result of this review, the court issues the following disposition.

Plaintiffs currently seek an order rendering default judgment against Top Rank for Top

---

[1] Refers to the court's docket number.

1  Rank's failure to answer interrogatories.  The Report and Recommendation found that Top Rank
2  was properly served with process.  As a result, the magistrate judge found that Nevada's
3  attachment statute mandates the entry of default against a party for failing to timely answer
4  garnishment interrogatories.

5  Top Rank poses six objections to the report and recommendation as follows: 1)Top Rank
6  was not properly served with the Writ of Garnishment; 2) service upon a temporary receptionist is
7  not proper service; 3) the writs were defective because they were not issued by the Constable; 4)
8  any money subject to garnishment was disbursed by Top Rank prior to service of process; 5) the
9  court should exercise its discretion and not enter default judgment; and 6) any default judgment
10 entered should be summarily set aside.  The court addresses these objections below.

11 Top Rank first argues Plaintiffs have not provided the court with proof that President Bob
12 Arum ("Arum") was served with a complete and validly issued writ of garnishment along with
13 interrogatories on June 22, 2007.  In addition, Top Rank argues the writ of garnishment was invalid
14 because it was not issued by the Constable.  Finally, Top Rank argues that Plaintiffs have made no
15 representation that a check was included with the documents served on Arum.

16 Plaintiffs have provided an Affidavit indicating Arum was served on June 22, 2007.  (Decl.
17 of Peter Schalk (# 79), Aff. of Service, Ex. D.)  Arum's lack of recollection regarding service does
18 not rebut the evidence provided by Plaintiffs indicating that service did in fact occur.  Plaintiffs
19 have also provided evidence that the interrogatories were part of the documents served on Arum.
20 (Decl. of Eric Olsen (# 78).)

21 Nevertheless, Top Rank has identified two technical defects in the attempted service.
22 Nevada Revised Statutes require a writ of garnishment to be issued by the sheriff, Nev. Rev. Stat. §
23 31.260(1), and require the plaintiff to pay the garnishee five dollars at the time of the service, Nev.
24 Rev. Stat. 31.270(2) ("*At the time of the service of the writ of garnishment*, the garnishee shall be
25 paid or tendered by the plaintiff in the action or the officer serving the writ a fee of $5. . . .").  It is
26

2

1  undisputed that Plaintiffs did not comply with either requirement.

2  These defects may have been cured, however, when Plaintiffs served Top Rank receptionist Kathy Porter ("Porter") on June 25, 2007. Top Rank argues the June 25, 2007, service is deficient because Porter was not an employee of Top Rank and did not have authority to accept service. Rule 4(h) of the Federal Rules of Civil Procedure provides that a corporation may be served either "by delivering a copy of the summons and the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" or in the manner prescribed by the state law in which the district court is located. Fed. R. Civ. P. 4(h), 4(e)(1). "'Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'" *Direct Mail Specialists, Inc. v. Eclat Computerized Tecynologies*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977)).

As proof of service, Plaintiffs have submitted the declaration of Terri Siyavus ("Siyavus"), a deputy with the Constable's Office in Las Vegas. Siyaus's declaration indicates Porter was the only employee available on June 25, 2007. (Decl. of Peter Schalk (# 79), Decl. of Terri Siyavus, Ex. E ¶ 3.) Porter indicated to Siyavus she was able to sign for the document. *Id*. ¶ 4. Siyavus further indicates this is the normal business practice for the Las Vegas Township Constable's Office. *Id*. ¶ 5. The court finds that Porter was a proper person by which to effectuate service. *See Direct Mail Specialists, Inc.*, 840 F.2d at 688.

Top Rank also argues Porter was served with an invalid, unissued writ of garnishment that did not include interrogatories. Based on a review of the record, it is unclear to the court what documents were served on Porter. As evidence of service, Plaintiffs refer to the Declaration of Siyaus. However, the declaration of Siyaus only indicates Siyavus told Porter that the documents were a writ of garnishment and that answers to the interrogatories were due in twenty days. (Decl.

1 of Peter Schalk (# 79), Decl. of Terri Siyavus, Ex. E ¶ 4.) The court has reviewed the evidence provided in this case. However, it is unclear to the court what documents were purportedly included in the June 25, 2007, service of process.

Furthermore, it is unclear whether Plaintiffs paid Top Rank the five dollars required by Nev. Rev. Stat. § 31.270(2) at the time of the service. Plaintiffs have provided a declaration of one of their attorneys, Eric Olsen, indicating Top Rank was paid the five dollar fee. (Decl. of Eric Olsen (# 78) ¶ 8.) However, Mr. Olsen has provided no factual background explaining how he has personal knowledge that Top Rank was in fact paid. Furthermore, the declaration does not indicate when the fee was paid to Top Rank. Thus, the court will give Plaintiffs ten (10) days to provide supplemental evidence of the documents that were served on Porter and whether Plaintiffs paid the fee required by Section 31.270(2). Top Rank shall then have five (5) days to file an opposition. No reply is necessary. The court will then treat this matter as submitted.

IT IS THEREFORE ORDERED that Plaintiffs shall have ten (10) days to provide supplemental evidence of the documents that were served on Porter. Top Rank shall then have five (5) days to file an opposition. No reply is necessary.

IT IS SO ORDERED.

DATED this 21st day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4