1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *

9    MICHELLE CORRALES, et al.,              )
                                             )
10            Plaintiffs,                     )        02:07-CV-00141-LRH-RAM
                                             )
11    v.                                      )
                                             )        ORDER
12    JOSE LUIS CASTILLO,                     )
                                             )
13            Defendant.                      )
                                             )
14   ─────────────────────────────

15          Before this court is the Report and Recommendation of U.S. Magistrate Judge Lawrence R.

16   Leavitt (# 71[1]) entered on February 25, 2008, recommending granting Plaintiffs' Motion for

17   Default Judgment (# 64).  Nonparty Top Rank, Inc. ("Top Rank") has filed Objections to Report

18   and Recommendation (# 73).

19          The court has conducted its *de novo* review in this case, has fully considered the objections

20   of Top Rank, the pleadings and memoranda of the parties and other relevant matters of record

21   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2.  As a result of this review, the court

22   issues the following disposition.

23          Plaintiffs currently seek an order rendering default judgment against Top Rank for Top

24   Rank's failure to answer interrogatories.  The Report and Recommendation found that Top Rank

25

26
          [1]Refers to the court's docket number.

1   was properly served with process.  As a result, the magistrate judge found that Nevada's

2   attachment statute mandates the entry of default against a party for failing to timely answer

3   garnishment interrogatories.

4            On April 22, 2008, this court issued an order indicating it was unclear whether the

5   appropriate documents were served on Top Rank receptionist Kathy Porter ("Porter").  The court

6   further noted that it was unclear whether Plaintiffs paid Top Rank the five dollars required by Nev.

7   Rev. Stat. § 31.270(2) at the time of service.  As a result, the court gave the parties time to file

8   supplemental evidence.  In response to the court's order, Plaintiffs submitted two declarations (##

9   87, 88).  Top Rank submitted a response (# 90).  Plaintiffs subsequently filed a Motion Requesting

10  Leave to Submit a Reply (# 93) and a reply declaration (# 94).

11           To demonstrate what documents were served on Porter, Plaintiffs submitted the declaration

12  of Terri Siyavus ("Siyavus"), a Deputy with the Constable's Office Las Vegas Township.  On

13  June 25, 2007, Siyavus received a Notice of Execution, a Writ of Garnishment naming Top Rank,

14  Inc. as garnishee, a Writ of Attachment, and Instructions to Constable with an attached garnishee

15  check payable to Top Rank in the amount of $5.00.  (Decl. of Siyavus (# 87) ¶ 2.)  Siyavus served

16  Top Rank on June 25, 2007.  *Id*. ¶ 3.  The documents served on Top Rank have been attached to

17  Siyavus's declaration.  *Id*.  Siyavus explains that the original Page 2 of the Writ of Garnishment

18  that was served on Top Rank was issued by the Constable but the Constable's Office does not

19  maintain copies of issued writs of garnishment.  *Id*.

20           Plaintiffs have also submitted two declarations form Eric Olsen ("Olsen"), co-counsel for

21  Plaintiffs in this action.  Olsen indicates that he personally requested that a garnishee check be

22  issued in the amount of $5.00 payable to Top Rank.  (Decl. of Olsen (# 88) ¶ 2.)  The check was

23  provided to the Constable Las Vegas Township on June 22, 2007.  *Id*. ¶ 3.  Olsen further attached

24  an unsigned copy of the check to his declaration.  *Id*. ¶ 4.

25           Top Rank argues the evidence submitted is insufficient to establish proper service.  Top

26

2

1   Rank first argues that the unendorsed check is insufficient to prove it was issued by Plaintiffs.

2   Nevertheless, Olsen has filed a reply declaration explaining that his law firm's practice is to copy

3   the check before it is signed by the Office Manager.  (Reply Decl. of Olsen (# 94) ¶ 5.)  Olsen

4   further indicates the check was signed by the Office Manager.  *Id*.  Furthermore, as previously

5   mentioned, Siyavus indicates the check was served on Top Rank.  (Decl. of Siyavus (# 87) ¶¶ 2-3.)

6   Thus, the court finds that Plaintiffs have demonstrated that Top Rank was paid the $5.00 fee

7   required by Nev. Rev. Stat. § 31.270(2).

8        Top Rank next argues the testimony of Siyavus has changed considerably.  Top Rank points

9   out that the first declaration submitted by Siyavus does not mention the $5.00 check while his new

10   declaration indicates the check was served on Top Rank.  Although Top Rank is correct, the court

11   finds no inconsistency between the two declarations of Siyavus.  The court has no reason to doubt

12   the accuracy of Siyavus's recent declaration.  There are many possible explanations as to why

13   Siyavus did not mention the check in his first declaration.  Absent evidence of bad faith, the court

14   will not assume Siyavus is being dishonest.  Thus, the court finds Plaintiffs have demonstrated Top

15   Rank was properly served.

16        Top Rank next asks this court to set aside the default.  Top Rank argues that the

17   circumstances surrounding the default are muddled, unclear and uncertain.  Specifically, Top Rank

18   asserts that its failure to answer interrogatories was due to excusable neglect in light of the

19   confusion associated with the service.  Although Plaintiffs have had some difficulty demonstrating

20   to the court that proper service occurred, the court finds that Plaintiffs ultimately provided the court

21   with the documents and evidence necessary to demonstrate proper service occurred.  Plaintiffs'

22   difficulties in providing the court with the appropriate documentation is insufficient to demonstrate

23   there was any confusion as to the actual service that occurred.  Top Rank has provided no

24   explanation as to why it has failed to respond to the interrogatories submitted by Plaintiffs.  For the

25   reasons stated in this order and the court's April 22, 2008, Order (# 84), the court will accept and

26

3

1   adopt the Magistrate's Report and Recommendation.

2         IT IS THEREFORE ORDERED that the Report and Recommendation of U.S. Magistrate

3   Judge Lawrence R. Leavitt (# 71) is hereby ACCEPTED and ADOPTED.  Plaintiffs Motion for

4   Default Judgment (# 64) is hereby GRANTED.

5         IT IS FURTHER ORDERED that Plaintiffs' Motion Requesting Leave to Submit a Reply

6   (# 93) is hereby GRANTED.

7         The Clerk of the court shall enter default judgment against nonparty Top Rank in the

8   requested amount.

9         IT IS SO ORDERED.

10        DATED this 22nd day of May, 2008.

11

12

13                                                 _____
                                                   LARRY R. HICKS
                                                   UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26
                                                 4