UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MICHELLE CORRALES, et al., | ) | |
| Plaintiffs, | ) | 02:07-CV-00141-LRH-RAM |
| v. | ) | ORDER |
| JOSE LUIS CASTILLO, | ) | |
| Defendant. | ) | |

Before this court is the Report and Recommendation of U.S. Magistrate Judge Lawrence R. Leavitt (# 71[1]) entered on February 25, 2008, recommending granting Plaintiffs' Motion for Default Judgment (# 64). Nonparty Top Rank, Inc. ("Top Rank") has filed Objections to Report and Recommendation (# 73).

The court has conducted its *de novo* review in this case, has fully considered the objections of Top Rank, the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2. As a result of this review, the court issues the following disposition.

Plaintiffs currently seek an order rendering default judgment against Top Rank for Top Rank's failure to answer interrogatories. The Report and Recommendation found that Top Rank

---

[1] Refers to the court's docket number.

was properly served with process. As a result, the magistrate judge found that Nevada's attachment statute mandates the entry of default against a party for failing to timely answer garnishment interrogatories.

On April 22, 2008, this court issued an order indicating it was unclear whether the appropriate documents were served on Top Rank receptionist Kathy Porter ("Porter"). The court further noted that it was unclear whether Plaintiffs paid Top Rank the five dollars required by Nev. Rev. Stat. § 31.270(2) at the time of service. As a result, the court gave the parties time to file supplemental evidence. In response to the court's order, Plaintiffs submitted two declarations (## 87, 88). Top Rank submitted a response (# 90). Plaintiffs subsequently filed a Motion Requesting Leave to Submit a Reply (# 93) and a reply declaration (# 94).

To demonstrate what documents were served on Porter, Plaintiffs submitted the declaration of Terri Siyavus ("Siyavus"), a Deputy with the Constable's Office Las Vegas Township. On June 25, 2007, Siyavus received a Notice of Execution, a Writ of Garnishment naming Top Rank, Inc. as garnishee, a Writ of Attachment, and Instructions to Constable with an attached garnishee check payable to Top Rank in the amount of $5.00. (Decl. of Siyavus (# 87) ¶ 2.) Siyavus served Top Rank on June 25, 2007. *Id*. ¶ 3. The documents served on Top Rank have been attached to Siyavus's declaration. *Id*. Siyavus explains that the original Page 2 of the Writ of Garnishment that was served on Top Rank was issued by the Constable but the Constable's Office does not maintain copies of issued writs of garnishment. *Id*.

Plaintiffs have also submitted two declarations form Eric Olsen ("Olsen"), co-counsel for Plaintiffs in this action. Olsen indicates that he personally requested that a garnishee check be issued in the amount of $5.00 payable to Top Rank. (Decl. of Olsen (# 88) ¶ 2.) The check was provided to the Constable Las Vegas Township on June 22, 2007. *Id*. ¶ 3. Olsen further attached an unsigned copy of the check to his declaration. *Id*. ¶ 4.

Top Rank argues the evidence submitted is insufficient to establish proper service. Top

1  Rank first argues that the unendorsed check is insufficient to prove it was issued by Plaintiffs.
2  Nevertheless, Olsen has filed a reply declaration explaining that his law firm's practice is to copy
3  the check before it is signed by the Office Manager. (Reply Decl. of Olsen (# 94) ¶ 5.) Olsen
4  further indicates the check was signed by the Office Manager. *Id*. Furthermore, as previously
5  mentioned, Siyavus indicates the check was served on Top Rank. (Decl. of Siyavus (# 87) ¶¶ 2-3.)
6  Thus, the court finds that Plaintiffs have demonstrated that Top Rank was paid the $5.00 fee
7  required by Nev. Rev. Stat. § 31.270(2).

8  Top Rank next argues the testimony of Siyavus has changed considerably. Top Rank points
9  out that the first declaration submitted by Siyavus does not mention the $5.00 check while his new
10  declaration indicates the check was served on Top Rank. Although Top Rank is correct, the court
11  finds no inconsistency between the two declarations of Siyavus. The court has no reason to doubt
12  the accuracy of Siyavus's recent declaration. There are many possible explanations as to why
13  Siyavus did not mention the check in his first declaration. Absent evidence of bad faith, the court
14  will not assume Siyavus is being dishonest. Thus, the court finds Plaintiffs have demonstrated Top
15  Rank was properly served.

16  Top Rank next asks this court to set aside the default. Top Rank argues that the
17  circumstances surrounding the default are muddled, unclear and uncertain. Specifically, Top Rank
18  asserts that its failure to answer interrogatories was due to excusable neglect in light of the
19  confusion associated with the service. Although Plaintiffs have had some difficulty demonstrating
20  to the court that proper service occurred, the court finds that Plaintiffs ultimately provided the court
21  with the documents and evidence necessary to demonstrate proper service occurred. Plaintiffs'
22  difficulties in providing the court with the appropriate documentation is insufficient to demonstrate
23  there was any confusion as to the actual service that occurred. Top Rank has provided no
24  explanation as to why it has failed to respond to the interrogatories submitted by Plaintiffs. For the
25  reasons stated in this order and the court's April 22, 2008, Order (# 84), the court will accept and

1  adopt the Magistrate's Report and Recommendation.

2      IT IS THEREFORE ORDERED that the Report and Recommendation of U.S. Magistrate
3  Judge Lawrence R. Leavitt (# 71) is hereby ACCEPTED and ADOPTED.  Plaintiffs Motion for
4  Default Judgment (# 64) is hereby GRANTED.

5      IT IS FURTHER ORDERED that Plaintiffs' Motion Requesting Leave to Submit a Reply
6  (# 93) is hereby GRANTED.

7      The Clerk of the court shall enter default judgment against nonparty Top Rank in the
8  requested amount.

9      IT IS SO ORDERED.

10      DATED this 22nd day of May, 2008.

13      _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

4