UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE CORRALES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:07-cv-00141-LRH-LRL |
| v. ) | |
| ) | **O R D E R** |
| JOSE LUIS CASTILLO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the court is plaintiffs' Motion to Hold Non-Party Fernando Beltran in Contempt of the Court's February 12, 2008 Order and For Sanctions (#97), nonparty Fernando Beltran's Opposition (#110), and plaintiffs' Reply (#113). The court has also considered the declarations of Judd Bernstein (#98), Peter B. Schalk (#99), and Karen L. Hanks (#100), filed in support of the motion, as well as the arguments put forth by counsel during the August 15, 2008 hearing. Plaintiffs ask the court to hold Beltran in contempt of its February 12, 2008 Order (#66), and to order Beltran to produce additional discovery and appear for further deposition testimony.

The failure to comply with a subpoena "without adequate excuse" is a contempt of court. Fed. R. Civ. P. 45(e). Contempt is not appropriate if the response to the subpoena is based on a good faith and reasonable interpretation of its demands. *In re Dual Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (citation omitted). Beltran has not made a good faith effort to comply with the clear terms of the June 22, 2007 subpoena, compliance with which this court ordered on February 12, 2008 (#66). Beltran's conduct, as demonstrated by his inadequate and evasive responses and explanations during the April 11, 2008 deposition, belies his insistence that he responded diligently. Beltran may not shirk his discovery obligations by charging them to his attorney, particularly when Beltran himself has control over the nonparty businesses which apparently retain many of the

subpoenaed documents.  *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (each person to whom a subpoena is directed may be commanded to produce only those documents in that person's "possession, custody, or control"); *see also Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991) (requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them).  Nor may Beltran credibly attempt to justify his failure to perform a good faith search on "cultural" differences between Mexico and the United States, as was argued by his attorney.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Motion to Hold Non-Party Fernando Beltran in Contempt of the Court's February 12, 2008 Order and For Sanctions (#97) is GRANTED.  Beltran is found in civil contempt for violating both the June 22, 2007 Subpoena and this court's February 12, 2008 Order (#66). Beltran shall pay to plaintiffs the reasonable expenses, including attorney's fees and costs, incurred by plaintiffs in making the Motion to Hold Non-Party Fernando Beltran in Contempt of the Court's February 12, 2008 Order and For Sanctions (#97) and the Reply (#113); conducting the April 11, 2008 contempt deposition of Beltran; and preparing for and participating in the August 15, 2008 hearing on the Motion (#97).  Plaintiffs will have ten (10) days from the date of this order to file an affidavit of fees and costs.

IT IS FURTHER ORDERED that Beltran shall, not later than September 26, 2008, provide to plaintiffs all documents demanded by the June 22, 2007 subpoena.  In light of the significant delay and attendant costs caused by noncompliance with his discovery obligations, Beltran shall pay the sum of $500 for each day of noncompliance with this order, payable to the Clerk of Court.  The Clerk shall deposit any such monies into the Crime Victims Fund.

DATED this 3rd day of September, 2008.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**