UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHELLE CORRALES, Special Administratrix of the Estate of Diego Corrales, et al., | ) ) ) | |
| Plaintiffs, | ) ) | 2:07-cv-00141-RCJ-PAL |
| vs. | ) ) | |
| JOSE LUIS CASTILLO, | ) ) | **ORDER** |
| Defendant. | ) ) | |

This case arises out of the failure of Defendant Jose Luis Castillo to make weight prior to a boxing match against now-deceased Plaintiff Diego Corrales,[1] resulting in the cancellation of their scheduled June 2006 bout for the World Boxing Council lightweight title. Pending before the Court is Top Rank, Inc.'s ("Top Rank") Motion for Relief for Judgment, or in the Alternative, to Amend Findings (#107). Plaintiff has filed an Opposition (#111), and Top Rank has filed a Reply (#115). For the reasons given herein, the Court denies the Motion (#107) without prejudice.

**I.      FACTS AND PROCEDURAL HISTORY**

Non-party Top Rank, a Nevada corporation, is Defendant Castillo's fight promoter. (#1 at 5, ¶ 3). During the prosecution of this case, Plaintiff caused a Constable of the Las Vegas Council Township to serve writs of garnishment and interrogatories upon Top Rank, but Top Rank failed to

---

[1] Corrales's widow and special administratrix of his estate, Michelle Corrales, is pursuing the present action.

respond. (#63 at 3). Plaintiff moved for a default judgment against Top Rank pursuant to Rule 64 and Nevada Revised Statute § 31.320. (#64). On May 23, 2008, Judge Larry R. Hicks[2] considered Magistrate Judge Lawrence R. Leavitt's Report and Recommendation ("R&R") (#71) granting Plaintiff's Motion for Default Judgment (#64) against Top Rank. (*See* #95). Top Rank filed an objection to the R&R based on insufficient service of process. (#73). The Court considered and rejected Top Rank's objections and adopted the R&R. (#95). The Clerk entered default in the amount of $50,000.00. (#96). Top Rank has now filed what is in substance a motion to reconsider, in the form of a Motion for Relief from Judgment Under Rule 60(b) or in the Alternative to Amend Findings Under Rule 59. (#107).

## II.  LEGAL STANDARDS

### A.  Rule 55(c) Versus Rule 60(b)

There is a difference between a default judgment and an entry of default. A default judgment is a district court's order. An entry of default is a ministerial action by the Clerk. Rule 55(c) states that a the latter is properly attacked under that Rule, but that the former must be attacked under Rule 60(b). Fed. R. Civ. P. 55(c) ("The court may set aside an *entry of default for good cause*, and it may set aside a *default judgment under Rule 60(b)*." (emphases added)). The "good cause" required under Rule 55(c) is the same as that required to set aside a judgment under Rule 60(b). *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

Top Rank treats the default judgment and the entry of default as interchangeable. Although it prays for "relief pursuant to FRCP 60(b) . . . from the Court's entry of default judgment," (#107 at 1:20–21), in its argumentation it cites to the standard of good cause under Rule 55(c): (1) whether it engaged in culpable conduct leading to the default; (2) whether it has a meritorious defense; and

---

[2] Chief Judge Roger L. Hunt reassigned the present case to this Court on September 24, 2009 for consolidation with *Corrales v. Beltran et al.*, No. 2:07-cv-00827-RCJ-PAL. (#170, #171).

(3) whether reopening judgment would prejudice Plaintiffs. *See Franchise Holding II, LLC*, 375 F.3d at 926. Although entry of default by the Clerk pursuant to an order is a ministerial task, it can be attacked based on the equities of the underlying matter, not only based on a ministerial error of the Clerk. *See id.* This makes Rule 55(c) largely redundant with Rule 60(b). The Court therefore considers Top Rank to be attacking both the Court's default judgment under Rule 60(b) and the Clerk's entry of default under Rule 55(c).

### 1. Rule 60(b)(1)

Under Rule 60(b)(1), a court may "[on] motion and just terms . . . relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b) and (b)(1). Whether mistake, inadvertence, surprise, or excusable neglect justifies relief in any particular case is within the discretion of the district court. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The determination turns on the particular facts of each case, and the case law is generally only helpful by analogy to rulings on existing fact patterns. 12 Moore, Federal Practice § 60.41[1][a] (3d ed. 2008).

"Excusable neglect" encompasses negligence and carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388–94 (1993). In determining whether neglect is excusable, a court should consider: (1) danger of prejudice to the adverse party; (2) delay caused by the neglect and its effect on the proceedings; (3) reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. 12 Moore, Federal Practice § 60.41[1][a] (3d ed. 2008) (citing *Pioneer*, 507 U.S. at 395)).

### 2. Rule 60(b)(6)

Under Rule 60(b)(6), a court may "[on] motion and just terms . . . relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b) and (b)(6). The Rule "gives the district court power to vacate judgements whenever such action is appropriate to accomplish justice," but such relief requires a showing of "extraordinary

circumstances." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (quoting *Ackermann v. United States*, 340 U.S. 193, 199–201 (1950)). The Rule should be used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993))). The "any other reason" prong of the Rule applies only where the reason is not covered by the specific reasons set forth in subsections (b)(1)–(5) of the Rule. *See Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n.8 (9th Cir. 2002)).

Examples of extraordinary circumstances warranting relief under Rule 60(b)(6) include: judgments taken without knowledge of the proceedings by the movant, *Nat'l Credit Union Admin. v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993); orders procured by an opponent's fraud, *Matter of Emergency Beacon Corp. v. Montco*, 666 F.2d 754, 760 (2d Cir. 1981); and relief from an allegedly voluntary dismissal that was actually motivated by the movant's failing health, *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987). These are only a few examples. There is no absolute limit to the kinds of situations that can be considered extraordinary circumstances. The Rule is a "grand reservoir of equitable power to do justice in a particular case." *Radack v. Norwegian Am. Line Agency*, 318 F.2d 538, 542 (2d Cir. 1963) (quoting 7 Moore, Federal Practice, at 308). But any situation must involve an equitable consideration—some circumstance beyond bare disagreement with a court's original ruling. The decision to grant a Rule 60(b) motion is within the sound discretion of the district court. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1099 (9th Cir. 2008).

### B.     Rules 52 and 59

"On a party's motion filed no later than 10 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed.

R. Civ. P. 52(b). "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**III.   ANALYSIS**

Top Rank cannot demonstrate any equities justifying relief under Rules 55(c), 60(b)(1), or 60(b)(4).[3] It has produced no new facts or law, and its arguments concerning excusable neglect or other circumstances allegedly justifying relief have already been considered and rejected in Judge Hicks's Order. (#95 at 3:17–19 ("Specifically, Top Rank asserts that its failure to answer interrogatories was due to excusable neglect in light of the confusion associated with the service.")). As Plaintiff correctly notes, the motion is essentially a motion to reconsider, and it adds no new facts or argumentation. Top Rank's argument that it was not properly served has been resolved. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998) (rejecting a Rule 60(b)(4) motion for lack of service of process and personal jurisdiction where those issues had been litigated). Top Rank argues that even if service was technically proper, it was not "proper enough," so to speak, such that its failure to respond should not be considered excusable neglect. But if the standards of service have been met, the entity is deemed to have been served. To allow a collateral attack on service of process via Rule 60, using that Rule's broad equitable standards, even after the issue has been directly decided under Rule 4, would be to circumvent both Rule 4 and the doctrine of res judicata. Top Rank may certainly attack the default judgment under Rules 55 or 60, but it may not base its attack on improper service of process in an attempt to both relitigate the issue and alter the Rule 4 standards.

---

[3] Top Rank cannot argue under Rule 60(b)(6), because one of the preceding subparagraphs of Rule 60(b) applies. *Delay*, 475 F.3d at 1044. Moreover, under *Delay*, the proper subparagraph for Top Rank to argue is not Rule 60(b)(1) but Rule 60(b)(4), which provides an avenue for relief for void judgments, including those based on improper service of process. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003); *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002); *Armco., Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Even if the Court were to examine service under Rules 55(c) and 60(b), Top Rank has not shown the required equities. As to Rule 55(c) relief, first, Top Rank engaged in culpable conduct leading to the default. "If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer' his conduct is culpable." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (quoting *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)). Here, the Court determined service was proper. (#95 ("[T]he court finds that Plaintiffs ultimately provided the court with the documents and evidence necessary to demonstrate proper service occurred.")). Top Rank's failure to respond after being properly served is culpable conduct, and the issue of proper service has been litigated. Second, Top Rank claims to have a meritorious defense to the underlying claim: that it did not possess any of Castillo's monies when Plaintiff served it. But Plaintiff disputes this, and Top Rank's culpable conduct in failing to respond to interrogatories designed to help answer this very question made determination of the question more difficult, if not impossible. Third, reopening judgment would prejudice Plaintiffs. Top Rank argues that Plaintiff is not entitled to any money because "the underlying claim [against Castillo] has not even been litigated," so it would not be prejudiced by setting aside the default judgment. This argument proves too much. If accepted, default judgments would never be appropriate, because they are necessarily only granted before (in lieu of) litigation of the merits of the underlying claims. Also, Plaintiff will incur additional attorney's fees pursuing discovery against Top Rank if the default judgment is set aside, and Plaintiff's right to discovery has been hindered. Top Rank may refile the present motion after the underlying liability has been litigated if it wishes.

Additionally, as to Rule 60(b) relief, the neglect here has caused delay and additional judicial resources in resolving both the motion for default judgment and the present motion. The reason for the delay was certainly within the reasonable control of the moving party. It is Top Rank's internal procedures that led to its alleged lack of knowledge of the interrogatories after proper service.

Finally, the circumstances support an inference of bad faith, although there is no direct evidence of it. On balance, Top Rank has not shown the equities to support Rule 60(b) relief, even if the Court were to consider the motion as anything other than a motion for reconsideration.

Top Rank also asks the Court to amend the Order under Rules 52 or 59. The default judgment was entered on May 23, 2009. (#95, #96). Top Rank filed the present Motion (#107) seventeen (17) days later on June 9, 2009, which was beyond the ten (10) day limit under either rule. The Motion is therefore untimely under Rules 52 and 59.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion (#107) is denied without prejudice.

DATED:    November 24, 2009

_____
Robert C. Jones
United States District Judge